NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 09-4355
_____


ALONZA BAKER, JR.; GREGORY K. JENKINS;
RODERICK K. WASHINGTON; JOHN H. MCNEIL, JR.;
ERNEST L. GREENWOOD, JR.,
                                        Appellants
v.

CITY OF PHILADELPHIA;
RACHEL LAWTON, Acting Executive Director
of the City of Philadelphia Commission on Human Relations


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-05-cv-01562)
District Judge:  Honorable Berle M. Schiller
_____


Submitted Under Third Circuit LAR 34.1(a)
December 13, 2010


Before: SLOVITER, GREENAWAY, JR., and STAPLETON, Circuit Judges.

(Filed:  December 16, 2010)


_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Alonza Baker appeals from the District Court's grant of summary judgment in favor of his former employer, the City of Philadelphia, on his claims of race discrimination and retaliation under Title VII, 42 U.S.C. §§ 2000e-2000e-17, and violations of 42 U.S.C. § 1983. We will affirm.[1]

I.

Because we write primarily for the parties, we recount only the essential facts. Baker, an African-American male, began working for the City of Philadelphia Commission of Human Relations ("Commission") in 1987. In 2004, the Mayor's Office instituted departmental layoffs in response to budget constraints. The Office instructed Rachel Lawton, the Commission's then-Executive Director, to "lay off from the top and have people bumped down." Supp. App. at 16. Because there were two full-time people in Information Technology ("IT") and Lawton thought it was possible to get along with one, she was instructed to layoff the "top IT person." *Id.*

Baker, as the City's Network Administrator, was the top IT person. Lawton laid him off in January 2005, giving him time to decide whether to retire or take a demotion

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo, applying the same standard as the District Court. *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Summary judgment is appropriate if the moving party is entitled to judgment as a matter of law and, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Kurns v. A.W. Chesterton Inc.*, 620 F.3d 392, 395 (3d Cir. 2010).

and "bump," or displace, a lower-level employee. Baker requested to bump one level down to Local Area Network Administrator ("LAN Administrator"), but there was no one in that position to displace. He therefore elected to bump down two levels to Network Support Specialist ("NSS"), which paid about $22,000 less than Network Administrator. He chose to not bump down to a human resources position, which paid a higher salary than NSS. Even before the layoffs, Lawton hoped that "if [Baker] bumped down, we could get him back up to the LAN administrator position" and asked him to write down his job duties so his position could be reevaluated at a later date. Supp. App. at 18. Baker failed to do that. He did, however, file a charge with the Equal Employment Opportunity Commission alleging race and hostile work environment discrimination under Title VII in April.

Baker appealed his layoff to the Civil Service Commission ("CSC"), which concluded that, although the layoff was not based on "unethical" or "biased" grounds, "[t]here was no serious effort by the [employer] to investigate the impact of the layoff on the IT operations at the [Commission] prior to the layoff." App. at 172. In October, the CSC reinstated Baker to his former position and awarded him back-pay.

Baker is a Vietnam Veteran and kept a Vietnam-era explosive in his home as a souvenir. Upset about his layoff, Baker realized in July 2005 that he could use the explosive to blow up Lawton. This thought alarmed him, and he informed his counselor, Dr. Eleanor Schoppet, that he wanted to dispose of the explosive because he feared he might act on his thought. To help remove the explosives, Schoppet notified the police,

3

who charged Baker with reckless endangerment, among other things. As a result, the City suspended Baker with the intent to dismiss.

The then-Chair of the Commission, Reverend James Allen, had the "ultimate authority" to decide how to proceed with Baker. He contemplated transferring Baker to another department because he and Jacqueline Henry, who had supervised Baker, did not believe Baker was capable of actually harming Lawton. Allen nonetheless decided to fire Baker in part on the advice of the City's Law Department and because he knew Lawton was "extremely afraid" and "honestly believed" that Baker posed "a serious threat." App. at 250-51. Neither Baker's race nor discrimination claim arose during this determination. The October 2005 Notice of Dismissal, which Allen signed, stated that Baker was being fired because he had "threaten[ed] serious physical harm to [Lawton]." Supp. App. 24. Baker was ultimately acquitted of all criminal charges after a bench trial.

Baked filed suit alleging race discrimination and retaliation under Title VII, and violations under 42 U.S.C. § 1983. The District Court granted summary judgment in the City's favor on all his claims. Baker appeals.

On Baker's discrimination claim, the District Court concluded that at most Baker presented evidence that "Lawton disliked him [which was] insufficient to get to a jury absent some basis for concluding that her animosity was racially based." App. at 30. On his retaliation claim, the Court stated that "[t]he record clearly shows that Baker was fired because he considered blowing Lawton up with explosives in his possession" and that no reasonable finder of fact could conclude otherwise. App. at 32. On Baker's § 1983

claim, the Court held that although "Lawton may have had some discretion in disciplining and firing employees," she lacked final authority to make human resources policy for the Commission because her decisions were subject to the Commission's review.  App. at 36.  These determinations were not in error.  The Court properly granted summary judgment in the City's favor.

## II.

For the foregoing reasons, we will affirm.